RECORD NO. 13-4324

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CARLOS WRIGHT,
a/k/a Los, a/k/a Lolo,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

**OPENING BRIEF OF APPELLANT
CARLOS WRIGHT**

Eric A. Bach
ATTORNEY AT LAW
P. O. Box 33566
Charlotte, North Carolina 28233
(704) 364-6580 Telephone
ebach@mindspring.com

*Counsel for Appellant*　　　　　　　　　　　　　　　November 27, 2013

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION .................................................................................................. 1

STATEMENT OF ISSUES ................................................................................... 2

STATEMENT OF THE CASE .............................................................................. 3

STATEMENT OF FACTS .................................................................................... 3

SUMMARY OF ARGUMENT ............................................................................. 5

ARGUMENT ......................................................................................................... 6

I.  THE TRIAL COURT ERRED IN ASSESSING THE DEFENDANT'S TWO CRIMINAL HISTORY POINTS FOR HIS 1998 JUVENILE ADJUDICATION ............................................................................................ 6

    STANDARD OF REVIEW ............................................................................ 6

CONCLUSION ...................................................................................................... 9

CERTIFICATE OF COMPLIANCE ................................................................... 10

CERTIFICATE OF SERVICE ............................................................................. 11

# TABLE OF AUTHORITIES

**CASES**

King v. Bobby, 433 F.3d 483,490 (6th Cir. 2006)..............................................8

Phillips v. United States, 238 Fed. Appx 89, U.S. App. Lexis 15624 (6th Cir. June 25, 2007) ..............................................................................................8

United States v. Bagheri, 999 F.2d 80, 84 (4th Cir. 1993). ............................... 8

United States v. Bays, 589 F.3d 1035, 1039 (9th Cir. 2009)............................ 8

United States v. Gonzalez-Arimont, 268 F.3d 8, 14 (1st Cir. 2001) ............... 7-8

United States v. Mason, 284 F.3d 555 (4th Cir. 2002). ...................................... 8

United States v. Thornton, 554 F.3d 443, 445 (4th Cir. 2009).......................... 6

United States v. Williams, 977 F.2d 866,869 (4th Cir. 1992). .......................... 6

**STATUTES**

18 U.S.C. § 1951 (2013) ................................................................................ 1

18 U.S.C. § 3742............................................................................................ 1

21 U.S.C. 841 (2013) ..................................................................................... 1

21 U.S.C. 846 (2013) ..................................................................................... 1

21 U.S.C. 1201(c) .......................................................................................... 1

28 U.S.C. § 1291 (2013) ................................................................................ 1

N.C. Gen. Stat. § 7B-3200 (2013). ................................................................. 7

**OTHER AUTHORITIES**

USSG § 4A1.2(d)(2)(A) (2012)....................................................................... 7

USSG § 4A1.2(j) (2012). ................................................................................ 7

**RULES**

Rules Three and Four of the Rules of Appellate Procedure ............................ 1

# STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This appeal arises from the defendant's guilty plea and sentencing hearing. The United District Court for the Western District of North Carolina, Charlotte Division had jurisdiction pursuant to 18 U.S.C. § 3742, 21 U.SC. § 1201(c), 18 U.S.C. § 1951 (2013); 28 U.S.C. § 1291 (2013). The Fourth Circuit Court of Appeals has jurisdiction pursuant to 18 U.S.C. § 3742 and Rules Three and Four of the Rules of Appellate Procedure. 18 U.S.C. §3742 (2013); FRAP R. 3,4 (2013).

## STATEMENT OF ISSUES

Did the district commit reversible error in counting the two criminal history points for the Defendant's juvenile adjudication that occurred on April 14, 1998, when the Defendant was fifteen years old and can be found in paragraph 39 of the criminal history report?

## STATEMENT OF CASE

The Defendant was indicted in a three count bill of indictment on October 20, 2010 that alleged a drug conspiracy, extortion and kidnapping (JA 10-12). The plea agreement was filed on February 22, 2011. In the agreement, the Defendant agreed to enter plea of guilty to count one (JA 14-20). The Defendant agreed that a twenty year mandatory minimum applied to his case and also stipulated that the amount of cocaine was in excess of fifty grams of cocaine base. The agreement also contained a two part appellate waiver for prosecutorial misconduct and ineffective assistance of counsel.

The Defendant entered a plea of guilty on March 3, 2011. The Defendant's sentencing hearing was held on September 6, 2012. The court issued an amended judgment on April 5, 2013 (JA 4-5). Notice of appeal was filed in the District Court April 15, 2013 (JA 90-93).

## STATEMENT OF FACTS

The Defendant was indicted in a three count bill of indictment on October 20, 2010 that alleged a drug conspiracy, extortion and kidnapping (JA 10-12). The indictment alleged that the conspiracy ran from July 6, 2000 to December 9, 2009.

The Defendant entered a guilty plea before U.S. Magistrate David

3

Keesler. During the plea and rule 11 hearing, the government summarized the allegation regarding the drug conspiracy (JA 24-26). During the plea, the government advised the Defendant that a twenty year mandatory minimum penalty applied to the Defendant (Tpp. 27-28). The Court informed the Defendant that he would be unlikely to be able to withdraw his guilty plea at later time.

During the Plea and Rule 11 hearing, the Defendant stated that he was guilty of count one (JA 29-30). The court also reviewed with the Defendant the plea waiver and insured that the Defendant understood that he was waiving both his direct appeal rights and his 2255 rights (JA 31). The Defendant then signed the Defendant's transcript of plea form (JA 37-40).

The Defendant's sentencing hearing was held before the Honorable Robert Conrad on September 26, 2012. George Guise represented the government and Richard Tomberlin represented the Defendant. The Defendant filed two objections to the presentence report. The first objection concerned the drug amount (JA 46-47).

The second objection concerned the criminal history category concerning the juvenile adjudication in paragraph 39, soliciting a crime against nature and damage to personal property (JA 48). The Defendant received a 120 day period of confinement (JA 101, PSR p. 9).

4

The details of paragraph 39 are as follows:

    Date of Conviction Imposed   4/30/1998

    Date of active confinement    7/20/1999

    Date of Final Discharge      11/16/1999

The court denied the Defendant's sentencing objection and sentenced the Defendant an active sentence of 176 months (JA 62-80).

## SUMMARY OF ARGUMENT

The District Court committed reversible error in adding two criminal points to the Defendant's criminal history level for the Defendant's juvenile confinement of 120 days in 1999.

# ARGUMENT

## I. THE TRIAL COURT ERRED IN ASSESSING THE DEFENDANT TWO CRIMINAL HISTORY POINTS FOR HIS 1998 JUVENILE ADJUDICATION.

### STANDARD OF REVIEW

The trial court's legal findings related to proper application of the sentencing guidelines are reviewed de novo. United States v. Thornton, 554 F.3d 443, 445 (4th Cir. 2009); United States v. Williams, 977 F.2d 866, 869 (4th Cir. 1992).

\* \* \*

The District Court committed reversible error in assessing two criminal history points for the Defendant's 1998 juvenile adjudication. The Defendant contends that when applies the two provisions of the Sentencing Guidelines related to juvenile adjudications and expunctions that these points should not be assessed.

The criminal history category objection concerns paragraph 39 and the two point enhancement related to the Defendant's 1998 juvenile adjudication for Soliciting a Crime Against Nature and Damage to Personal Property. The Defendant was fifteen years of age when this conviction occurred on April 30, 1998 (JA 101). The Defendant has his probation revoked on July 20, 1999

with the juvenile court imposing an active sentence not to exceed 120 days.

Under North Carolina law, the Defendant was eligible to have his case expunged. N.C. Gen. Stat. § 7B-3200 governs expunction of juvenile convictions. N.C. Gen. Stat. § 7B-3200 (2013). The Defendant is eligible to have a juvenile conviction expunged if (1) he has attained the age of eighteen (2) the crime is not an A through E felony (3) at least eighteen months have passed since the Defendant was adjudicated delinquent.

The sentencing guidelines contain two relevant provisions that are relevant to this particular case. Under 4A1.2(d)(2)(A):

> Add 2 points under § 4A1.1(b) for each adult or juvenile sentence of confinement of at least sixty days if the defendant released from such confinement within five years of his commencement of the instant offense; USSG § 4A1.2(d)(2)(A) (2012).

Under Expunged Convictions and 4A1.2(j):

> Sentences for expunged convictions are not counted, but may be considered under § 4A1. (Adequacy of Criminal History Category). USSG §4A1.2(j) (2012).

Case law clarifies that a conviction meeting the definition of an expunction should not be counted. United States v. Gonzalez-Arimont, 268

7

F.3d 8, 14 (1st Cir. 2001); United States v. Bays, 589 F.3d 1035, 1039 (9th Cir. 2009);

United States v. Bagheri, 999 F.2d 80, 84 (4th Cir. 1993).

On the issue of applying the 4A1.2, the records presented by the court must show both a period of confinement and the convictions must be show the Defendant was afforded counsel. See, Phillips v. United States, 238 Fed. Appx 89, U.S. App. Lexis 15624 (6th Cir. June 25, 2007)(Remanding the case for the district court to address the counsel issue); King v. Bobby, 433 F.3d 483, 490 (6th Cir.), cert. denied 549 U.S. 1001 (2006). The Fourth Circuit has addressed the confinement issue but not the counsel issue. See, United States v. Mason, 284 F.3d 555 (4th Cir. 2002). Therefore, the counsel issue appears to be an issue of first impression.

In applying the fact of the current case, it appears that the issue of the Defendant being afforded the right to counsel was not adequately addressed by the district court. Given the facts of the juvenile conviction, it appears that it may be eligible for expunction. Counsel contends that when these two provisions of the sentencing guidelines are read together the more reasoned view is not to count the juvenile convictions contained in paragraph 39 of the presentence report. Therefore, the Defendant should be resentenced as a criminal history level III.

8

## CONCLUSION

The district court erred giving the Defendant two criminal history points for his juvenile conviction. Therefore, the Defendant should have his case vacated and remanded for a new sentencing hearing with a lower criminal history level III.

This the 27th day of November 2013.

>        /s/ Eric A. Bach
> Eric A. Bach
> Attorney for the Defendant
> P.O. Box 33566
> Charlotte NC 28233
> 704-364-6580
> e-mail ebach@mindspring.com
> NC Bar no. 19794

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This brief complies with the Type-volume limitation of Fed. R. App. 32(a)(7)(B) because:

    The word count of this brief is <u>1,264 words</u>.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    This brief has been prepared in a proportionally spaced typeface using
    <u>Microsoft Word, Times New Roman, 14 point</u>.

November 27, 2013

## CERTIFICATE OF SERVICE

I hereby certify on November 27, 2013 that the required number of copies of the Appellant's Brief has been filed with the Fourth Circuit Court of Appeals via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

Amy Ray(amy.ray@usdoj.gov)<br>
Asst. United States Attorney<br>
100 Otis Street Suite 233<br>
Asheville NC 28801

November 27, 2013                               /s/ Eric A. Bach
                                                Eric A. Bach
                                                Attorney for the Appellant